INHABITANTS OF LEE *vs.* INHABITANTS OF LENOX.

Absence from a town for less than a year, with the intention of returning to reside there, was not an interruption of the residence required for the purpose of gaining a settlement, under *St.* 1793, *c.* 34, § 2, *cl.* 12.

ACTION OF CONTRACT to recover expenses incurred in the support of James Newbury, his wife and four minor children as paupers, who were alleged to have a settlement in Lenox, derived from his father, Isaac Newbury.

At the trial in the superior court, without a jury, *Putnam*, J., found the following facts : Isaac, in May 1833, moved with his family into Lenox, and there continued to reside until the 23d of May 1838, (when James became of age,) unless his absence as hereinafter reported amounted to an interruption of his resi-

dence so as to prevent his gaining a settlement within the meaning of the *St.* of 1793, *c.* 34, § 2, *cl.* 12, which the judge ruled that it did not. Isaac, in the summer of 1828, leaving his wife and family in a house in Lenox, which he had hired till the 1st of April following, went into the State of New York for the temporary purpose of finding employment at his trade as a shoemaker, with no intention of abandoning his residence in Lenox, but intending to continue and retain the same in Lenox, where he expected to find his wife and family on his return. About the 1st of May 1829, his wife, at the request of her father, went to his residence in Lee to assist him while her mother was absent on a visit to Pennsylvania, taking with her two of her children and all her goods to avoid payment of rent, leaving one or two children residing in Lenox in other families. In two or three weeks after she went to Lee, her husband returned to Lenox, and, not finding his family there as he expected, went to her father's house in Lee, and complained of her having left Lenox in his absence, and declared his intention to return, and immediately sought to find a house there, in the mean time working at his trade from house to house in Lee and Lenox, and at her father's house in Lee, except that he sometimes worked upon her father's land and the land of other persons in that vicinity In August he found a house in another part of Lenox, and on his mother's return in September following moved into it, and continued to reside in Lenox until 1866. He was assessed and paid taxes in Lenox every year from 1831 to 1846. The judge found for the plaintiff, and the defendant alleged exceptions.

*H. W. Bishop*, ( *G. J. Tucker* with him,) for the defendants.

*M. Wilcox*, for the plaintiffs.

METCALF, J. The single question in this case is, whether Isaac Newbury, father of the pauper, James Newbury, had a legal settlement in Lenox on the 23d day of May 1838. The court are of opinion that he had, and that he acquired it in the twelfth mode provided in *St.* 1793, *c.* 34, § 2, Rev. Sts. *c.* 45, § 1, and Gen. Sts. *c.* 69, § 1, which is this : " Any person of the age of twenty one years, being a citizen of this or any other of

the United States, who shall reside in any town within this state for the space of ten years together, and pay all state, county, or town taxes, duly assessed on his poll or estate, for any five years within said time, shall thereby gain a settlement in such town."

Isaac Newbury moved into Lenox, with his family, in May 1823; and the defendants do not deny that he was then a citizen of this or of some other of the United States, and was twenty-one years old. He subsequently resided there ten years together, and more, unless the continuity of his residence was broken by his leaving the town some time in the summer of 1828, and remaining absent therefrom till the latter part of May 1829, when he returned. He left his wife and children together in a house which he had hired; he went away for a temporary purpose only, with no intention of abandoning his residence, but intending to continue and retain it; he returned with the same intention, and afterwards resided in the town until May 23d 1838 — how much longer, we are not informed. .

On these facts, the continuity of his residence in Lenox was not interrupted. He had resided there ten years together, within the meaning of the word "reside" in the statutes above cited, before May 23d 1838, to wit, in May 1833; and he acquired a settlement there when he paid his tax for the year 1835, he then having done all that the law required of him to acquire it. The movements of his wife, in his absence, and without his consent or knowledge, could not change nor interrupt his legal residence.

This question of residence has been recently discussed in *Warren* v. *Thomaston*, 43 Maine, 406, and *Worcester* v. *Wilbraham*, 13 Gray, 586, and we need not refer to any other cases.

*Exceptions overruled.*